## THE OCEAN NATIONAL BANK OF THE CITY OF NEW YORK, RESPONDENT, *v.* ELINOR HODGES, GEORGE W. HODGES, EDWARD F. HODGES AND ANNE F. HODGES, APPELLANTS.

*Fraudulent conveyance* — 1 R. S., 728, §§ 51, 52 — *rights of person paying for land taken in name of another.*

This action was brought by a judgment creditor of G. W. Hodges, to set aside as fraudulent certain conveyances made to the wife of the latter. In the years 1861, 1862, 1863, Hodges purchased land of the value of $30,000, and expended $40,000 thereon, the title being taken in the name of his wife. All the debts then owing by him were subsequently discharged. *Held,* that the wife took the property free from any trust in favor of her husband; and that, upon payment of his then existing debts, her title thereto became perfect.

In 1863 the said G. W. Hodges purchased, on the joint account of himself and his brother, a piece of real estate for $6,000, each furnishing one-half of that amount, though the title was taken in the name of G. W. Hodges alone. May 18, 1867, G. W. Hodges borrowed of his wife $15,000, and to secure the same agreed to convey to her, among other things, the one-half of this property, valued at $3,000. He accordingly conveyed the land to his brother who conveyed

it to the wife. G. W. Hodges became indebted to the plaintiff in 1866. In an action by the latter to set aside this conveyance, *held*, (1) that as to the half owned by G. W. Hodges, the wife gave a full consideration therefor; (2) that though as to the other half the husband held the same by virtue of said statute, free from any trust in favor of his brother, yet he was morally bound to convey it to him, and that having done so, the plaintiff could not attack the conveyance as fraudulent.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Wyllis Hodges*, for the appellants.

*Dunning, Edsall & Hart*, for the respondent.

DYKMAN, J.:

This action is brought to set aside conveyances from George W. Hodges and Elinor, his wife, to Edward F. Hodges, his brother, and from Edward F. Hodges and Annie Hodges, his wife, to Elinor Hodges, the wife of George W. Hodges.

In the years 1861, 1862 and 1863, George W. Hodges bought three houses and several acres of land on Staten island, called the Townsend property, and had the title taken in the name of his wife, one of the above defendants.

He paid $30,000 for the property, paid off $10,000 of mortgages that were then on it, and expended $40,000 upon it for improvements. All the debts which were owing by George W. Hodges at the time of these transactions have been since paid. In the winter of 1863, Edward F. Hodges made a contract for the purchase of the piece of property in question in this action, called the Miraudote property, on the joint account of himself and his brother George W. Hodges.

The taking of the conveyance was delayed until the 30th day of June, 1864, when the title was taken in the name of George W. Hodges alone, he paying the whole consideration therefor, which was $5,000. This was with the consent of his brother Edward, and was under a parol agreement that he should hold the same, one-half for himself and one-half for his brother Edward. This fact is found by the referee. The fact is also found by the referee, that George W. Hodges charged one-half of the purchase money which he so paid for this property to his brother Edward, and the case shows that this same amount was credited to him by Edward, in an

account which Edward had against him. Edward, therefore, paid the one-half of this purchase money.

On the eighteenth day of May, 1867, George W. Hodges borrowed from his wife the sum of $15,000, and for the purpose of paying the same to her, agreed to give her, among other things, his one-half interest in this Miraudote property, which was valued and put in at $3,000, and for the purpose of carrying out this agreement on the same day made, executed and delivered with his wife to his brother Edward, a deed of conveyance for this Miraudote property in question. The consideration named in this deed is $5,000, and it is dated May first, 1867. On the third day of July, 1867, Edward F. Hodges and wife, executed and delivered a deed of conveyance for this same property to Elinor Hodges, the wife of George W. Hodges. This deed is dated the sixth day of May, 1867, and is in the consideration of $5,000. This deed was recorded January sixth, 1871, and the deed to Edward F. Hodges, last mentioned, was recorded the twentieth day of May, 1867. The $15,000 loaned to George W. Hodges, by his wife, was borrowed from the United States Trust Company, and secured by her by a mortgage upon the property first mentioned, called the Townsend property. The title to this Miraudote property is still in the wife of George W. Hodges. On the fifth day of June, 1866, George W. Hodges, became indebted to the plaintiff for money loaned to him, in the sum of $56,000. On the twentieth day of March, 1871, the plaintiff obtained a judgment against the defendant George W. Hodges, for the sum of $39,265.20, the balance remaining due on the loan, and before the commencement of this action an execution on this judgment, against the property of the defendant George W. Hodges, had been issued and delivered to the sheriff of Richmond county, and returned wholly unsatisfied.

This action was brought by the plaintiff, to have the deeds from George W. Hodges and wife to Edward F. Hodges, and the deed from Edward F. Hodges and wife to Annie Hodges, for this Miraudote property, set aside as fraudulent, and have the bank judgment against George W. Hodges declared a lien on this property. The action was tried before a referee and was decided in favor of the plaintiff, and judgment has been entered declaring both the said deeds of conveyance fraudulent and void, as to the

plaintiff's said judgment, and directing the property to be sold under the judgment to satisfy the same. From this judgment so entered the defendants have appealed to this court. When the wife of George W. Hodges took the title to the Townsend property she took it subject to no use or trust in favor of her husband, who paid the consideration therefor, but the title to the same was vested in her, subject only to a resulting trust in favor of the creditors of her husband, George W. Hodges, at that time to the extent necessary to satisfy their just demands. (1 R. S., 728, §§ 51, 52.) None of these creditors ever questioned the validity of the conveyance, and they have all now been paid. Her title to the same is, therefore, now absolute and was at the time she gave the mortgage to the Trust Company for the money which she loaned to her husband. That loan was, therefore, made to her husband of her own separate property. This being so, he had a fair equitable right to secure her for this loan. Nay more, it was his duty to do so. There was then a judgment in favor of Bell and Yelverton, which was then a lien upon this Miraudote property, which was paid off out of the money borrowed of his wife, by George W. Hodges. This, however, made no difference. He was bound in equity to protect the interest of his brother Edward in this property, as well as to secure his wife for the money she let him have.

In respect to the Mirandote property it will be convenient to examine the rights of Edward F. Hodges separately and first. This property was purchased on joint account by Edward, and the deed was taken to George W. Hodges by Edward's direction, he afterwards paying half of the consideration. Under our statute, as we have seen above, no trust resulted to Edward on this purchase, and no creditor of George W. Hodges was bound to regard him as holding this property upon any trust whatever; but they were at perfect liberty to acquire a lien upon it and sell it to satisfy any debt of his, as Bell and Yelverton were proceeding to do at the time of the loan by the wife of George W. Hodges to him to pay off their judgment, and so prevent the sale. But until some creditor of George W. Hodges had obtained a lien on this property his right of alienation was perfect, and if he conveyed the same or dealt with the same in a manner not obnoxious to equity and fair dealing his dealing will be upheld.

As we have seen before, Edward F. Hodges paid one-half of the purchase money of this property, and thus acquired an equitable right in the same. George W. Hodges held the title to one-half of this property, for the benefit of his brother, and it was perfectly competent for him to regard his equitable rights, and to secure them by conveying to him the property, and he was under the highest moral obligation to do so. (*Davis* v. *Graves*, 29 Barb., 485; *Foote* v. *Bryant*, 47 N. Y., 549; *Siemon* v. *Schurck*, 29 id., 599.) The effect of this conveyance to Edward was to vest in him the legal title to the property for which he had paid. It took the case out of the statute, which was the only difficulty. The consideration was good and the intent was good. Equity can condemn neither. Besides, what equity does the plaintiff show to have this half of this property applied to the payment of its judgment against George W. Hodges? He did not pay for it; Edward F. Hodges paid for it, and his equities are quite as good as those of the plaintiff; and before the plaintiff acquired any lien upon the property Edward F. Hodges had the legal title to the property to which he was equitably entitled. We think, therefore, that the plaintiff has no right to have Edward's half of this property applied to the payment of this judgment, and that the judgment is so far erroneous, and must be reversed.

No extended examination will be necessary in relation to the rights of the wife of George W. Hodges in the Miraudote property, as has been already stated. She loaned her husband $15,000 out of her separate property. For this he had a right to secure her in any lawful ways; and one lawful way certainly was to convey to her real estate which he owned. He did own the one-half of the Miraudote property. The plaintiff had acquired no lien on it at that time. For the purpose of vesting the title to the one-half of this property in his wife, he conveyed it to his brother. This is the usual way of transmitting the title from the husband to the wife, through a third person. There is no evidence of a fraudulent intent. Most of the money obtained by this loan went to pay the debts of George W. Hodges. Certainly Mrs. Hodges could have no fraudulent intent in lending her husband money; and he could have had no fraudulent intent in borrowing the money from her and using it for the purpose of paying his debts. It comes to this at last:

that Edward F. Hodges has paid for one-half of this property and the wife of George W. Hodges has paid for the other half; and the plaintiff shows no equitable reason for having it taken away from them and applied to the payment of its judgment.

The fact that Edward F. Hodges afterwards conveyed all the property to the wife of George W. Hodges, instead of the one-half, is not material to this case.

If Edward has any creditors they may inquire, but the plaintiff cannot.

The judgment of the plaintiff must be reversed, and a new trial granted with costs to abide the event.

PRATT, J., concurred.    BARNARD, P. J., not sitting.

Judgment of referee reversed and new trial granted at Circuit, costs to abide event.